**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **RAED MOHAMMAD, and** | ) |
| **GO GO MINI MART, LLC,** | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| **THROUGH ITS AGENCY, THE** | )   Cause No. |
| **UNITED STATES DEPARTMENT** | ) |
| **OF AGRICULTURE** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| <u>Serve:</u> | ) |
| **U.S. Department of Agriculture** | ) |
| **1400 Independence Avenue, S.W.** | ) |
| **Washington, D.C. 20250** | ) |

**COMPLAINT**

COME NOW Plaintiffs, Raed Mohammad ("Mohammad") and Go Go Mini Mart, LLC ("Go Go"), and for their Complaint for declaratory judgment pursuant to 28 U.S.C. § 2201, and discrimination pursuant to 42 U.S.C §2000d, relating to Mohammad's permanent disqualification from participation in the Supplemental Nutrition Assistance Program, and the denial of Go Go's application to participate in the program, state as follows:

**PARTIES**

1. Mohammad is a United States citizen residing in St. Louis County, Missouri.

2. Go Go is a Missouri limited liability company that operates a grocery store located at 201 Chambers Road, St. Louis, Missouri 63137.

3.	Defendant USDA operates the Supplemental Nutrition Assistance Program ("SNAP") through its Food and Nutrition Service ("FNS").

## VENUE/JURISDICTION

4.	This matter also involves a declaratory judgment of the rights and other legal relations between Plaintiffs and USDA pursuant to 28 U.S.C. § 2201, and therefore, jurisdiction in this Court.

5.	This matter also involves allegations of discrimination under 42 U.S.C §2000d.

6.	Venue is proper in this district in that Plaintiffs are both residents within the Eastern District of Missouri.

## PROCEDURAL HISTORY

7.	In or about 2017, Mohammad, as the sole member of a Missouri limited liability company doing business as Royal 7 #1, at 1132 N. Florissant Road, St. Louis Missouri, applied to participate as a retailer in the SNAP. In a letter dated October 18, 2017, from Lashon Gilbert, that application was denied. See Exhibit A. In the letter, Mr. Gilbert asserted:

> After careful review of your application, we are unable to process your application for the following reason:
>
> Your firm was permanently disqualified as a SNAP retailer effective April 7, 2017, at the location listed below. A permanently disqualified firm may not apply for program participation.
>
> > North Side Way #1
> > 2416 N. Newstead Avenue
> > Saint Louis, MO 63113-2510
>
> > Associated person(s): Raed Mohammad
>
> If you have any questions please contact Ceilia Mosley…

8. For the better part of two years, Mohammad attempted to discuss this matter with Ms. Mosley, but could not get any response. One such contact was a letter dated March 9, 2019. See <u>Exhibit B</u>. A portion of the other communications are attached as <u>Exhibit C</u>. Ms. Mosely never responded to the substance of the letter or communications.

9. Eventually, Mohammad sold the Royal 7 business, and therefore, was no longer interested in participating in the SNAP at the location.

10. In or about 2019, Mohammad purchased the business at 201 Chambers Road, which he operated under Go Go Mini Mart, LLC. Mohammad and Go Go again applied to participate in the SNAP, and again, on July 20, 2020, the application was denied for the same reasons. This time Ms. Mosley sent the denial letter. <u>Exhibit D</u>.

11. As directed in the July 30, 2020 letter, counsel for Mohammad and Go Go reached out to Larry Lee at USDA in an email dated August 3, 2020. That communication is attached as <u>Exhibit E</u>.

12. As had been explained to Mosely many times previously, it was explained to Larry Lee that the prior alleged permanent disqualification was not properly effectuated because Mohammad did not receive notice:

> As I stated to Ms. Mosely almost one and one-half years ago, about the alleged permanent disqualification:
>
> There was an administrative action against the North Side Way, however, as the enclosed documents set forth, the final decision letter from Jocelyn Keh, dated April 6, 2017, was never delivered to North Side Way, Mr. Mohammad or his bookkeeper. In fact, on April 6, 2017, the North Side Way Market was permanently closed due to fire. Because the final decision letter was never delivered, Mr. Mohammad was never informed of his right to appeal the decision.

> The same facts apply here. FNS never properly informed Mr. Mohammad of his right to appeal, and therefore, the permanent disqualification imposed was improper. I continue to seek an opportunity to respond to the Northside Way action so that Mr. Mohammad's rights can be properly protected. As part of that, I desire to have the FOIA appeal that has been pending for almost a year decided.
>
> Please contact me to discuss how the parties should proceed.

13. Mr. Lee never responded to the communication.

14. Pursuant to 28 U.S.C. § 2201,

> In a case of actual controversy within its jurisdiction, …any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

15. Pursuant to 42 U.S.C. §2000d,

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

## COUNT I – DECLARATORY JUDGMENT

16. Plaintiffs incorporates herein by reference the allegations set forth in paragraphs 1-15 above.

17. There is an actual and justiciable controversy between Raed Mohammad and the USDA regarding the alleged permanent disqualification of North Side Way Market and Raed Mohammad because neither received notice of the USDA decision or an opportunity to appeal the decision. Plaintiff Raed Mohammad seeks this Court's determination that Mohammad was not provided with substantive or procedural due process, and his rights to participate in the SNAP were improperly and/or illegally terminated.

18. There is an actual and justiciable controversy between Go Go and the USDA regarding the denial of its application to participate in the SNAP, in that the basis for the denial was the alleged prior permanent disqualification of North Side Way Market and Raed Mohammad, wherein Plaintiff Raed Mohammad was not provided with substantive or procedural due process, and his right to participate in the SNAP were improperly and/or illegally terminated.  Therefore, Plaintiff Go Go seeks this Court's determination that the USDA must accept and process Go Go's application for participation in the SNAP.

WHEREFORE, Plaintiffs request that this Court declare their rights to apply for, and to participate in, the SNAP program, and for such other and further relief as may be just and proper.

## COUNT II – DISCRIMINATION UNDER 42 U.S.C. §2000d

19. Plaintiffs incorporates herein by reference the allegations set forth in paragraphs 1-18 above.

20. Moreover, the actions of the USDA were and are illegal under 42 U.S.C. § 2000d, which prohibits discrimination in federally funded programs.  The actions of the USDA have targeted Plaintiffs based upon their race, religion and/or national origin.

21. Mohammad is a person who emigrated to the United States in 2008 from Jordan.  He is also a practitioner of the Islamic faith.

22. The SNAP is a federally funded program

23. The USDA has undertaken a pattern and practice of targeting persons of Middle Eastern descent and the Islamic faith for disqualification from the SNAP.

24. The USDA intentionally targeted Mohammad, and moreover, has continued to target Mohammad and his company, for disqualification from the SNAP because Mohammad is of Middle Eastern descent and a practitioner of the Islamic faith.

25. Plaintiffs have suffered damages as a result of the discriminatory actions.

WHEREFORE, Plaintiffs request that this Court find the actions of the defendant to be discriminatory, and in violation of 42 U.S.C. § 2000d, ordering the USDA to permit Plaintiffs to apply for, and to participate in, the SNAP program, awarding Plaintiffs their damages and attorneys' fees incurred, and for such other and further relief as may be just and proper.

**WITZEL KANZLER & DIMMITT LLC**

By: /s/ Jay L. Kanzler Jr.
   Jay L. Kanzler Jr. #41298
   2001 S. Big Bend Blvd.
   St. Louis, Missouri 63117
   Tel:   (314) 645-5367
   Fax:   (314) 645-5687

Attorneys for Plaintiffs